NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1629

_____

SECURITIES & EXCHANGE COMMISSION

v.

SHREYANS DESAI; SHREYSIDDH CAPITAL, LLC

SHREYANS DESAI,
                                                Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-05597)
District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2016

Before:  FISHER, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed:  December 1, 2016)

_____

OPINION[*]

_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Shreyans Desai appeals from orders of the United States District Court for the District of New Jersey, in a civil case brought against him by the Securities and Exchange Commission. We will affirm the District Court's orders and final judgment.

The SEC's amended complaint[1] brought claims against Desai for violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)]; and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2)]. The charges were based on fraudulent activity by Desai in connection with his company, SSC. In brief, Desai held himself out to be a securities broker licensed with the SEC. Investors provided him with more than $245,000, some of which he invested, and some of which he used to pay personal expenses and make donations. Desai guaranteed investors a return of at least 50%. He hid the fact that he was not making such returns, and provided investors with phony account statements.

---

[1] The SEC's original complaint also made charges against ShreySiddh Capital, LLC ("SSC"). On October 3, 2012, the District Court entered a default judgment against the corporation, as it failed to answer or respond to the complaint. To the extent Desai attempts to challenge that decision here, he may not do so because Desai, who is not an attorney, cannot represent the corporation on appeal. A corporation must be represented by a licensed attorney. Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966) (per curiam); Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). In any event, we discern no abuse of discretion in the District Court's entry of a default judgment, as it was based on this same issue, i.e., the failure of the corporation to secure counsel to represent it in the District Court.

At the time it filed its initial complaint, the SEC also brought criminal charges against Desai. The District Court stayed the civil proceedings pending the outcome of the criminal case. On May 5, 2014, Desai pleaded guilty to two counts of wire fraud. The District Court then lifted the stay in the civil proceeding, and invited the SEC to file a motion for summary judgment by February 20, 2015. The SEC filed its motion on February 21, at 12:58 a.m., with a letter apologizing for the late filing, due to a computer outage.[2] Desai filed three responses in opposition to the summary judgment motion, but he did not file a responsive statement of material facts.

The District Court determined that there were no genuine issues of material fact. The District Court analyzed the elements of each of the civil violations charged in the SEC's amended complaint, and determined that all of those elements had been clearly established through Desai's guilty plea to the criminal charges, "and the SEC's well-supported motion." The District Court granted the SEC's request to impose injunctive relief, disgorgement in the amount of $167,229.39 (along with prejudgment interest), and civil penalties of $167,229.39. The District Court directed the SEC to submit a proposed judgment order, including its prejudgment interest calculations. On November 30, 2015,

---

[2] The assigned Magistrate Judge entered an order accepting the late filing and extending Desai's deadline for a response. Dkt. #109. Although Desai complains that a summary judgment motion must be filed within 30 days after the close of discovery, and that the SEC's summary judgment thus should not have been considered, Desai misreads the federal rule. Rule 56(b) provides: "Unless a different time is set by local rule *or the court orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). The Court's order here extended the time for the SEC's filing, so the motion was properly considered.

the District Court entered final judgment against Desai, enjoining Desai from violating the various Acts, and incorporating the SEC's damages figures. Desai moved to have the District Court reconsider the judgment, but the District Court denied his motion. Desai timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a decision granting summary judgment and we review the facts in the light most favorable to the nonmoving party. See Miller v. Am. Airlines, Inc., 632 F.3d 837, 844 (3d Cir. 2011). But while the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted); see generally Fed. R. Civ. P. 56(a). "Material facts are those that could affect the outcome of the proceeding, and a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." Roth v. Norfalco LLC, 651 F.3d 367, 373 (3d Cir. 2011) (internal quotation marks omitted).

Desai fails to point to any genuine disputes about *material* facts. For example, Desai argues that his business did not involve a Ponzi scheme and he disputes the number of victims involved. But he does not point to any facts[3] whatsoever that would negate the

_____

[3] Desai does argue that his business was exempt from licensing, but he does not provide any legal support for that proposition. He also argues that a purported letter from an SEC

4

elements of the civil charges at issue here.  See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015) (party opposing summary judgment "must point to specific factual evidence showing that there is a genuine dispute on a material issue requiring resolution at trial").  Because there are no genuine issues of material fact as to the elements of the civil charges against Desai, the District Court properly granted the SEC's summary judgment motion.[4]

Although Desai's brief states that he is appealing the order denying his motion for reconsideration, he does not explain why the District Court abused its discretion in denying his motion.  See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (review of order denying motion for reconsideration is for abuse of discretion).  A district court should be loath "to [revisit its earlier decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice."  Lesende v. Borrero, 752 F.3d 324, 339 (3d Cir. 2014). Desai's motion for reconsideration did not present any such extraordinary circumstances. The Court did not abuse its discretion in denying the motion.

---

staff member informed him that his violations were not "severe," and he argues that his company was allowed to raise capital before it was licensed.  But he does not explain how these assertions challenge the holding that he violated the securities laws, as charged in the amended complaint.

[4] Because Desai failed to file a response to the SEC's statement of material facts, the District Court considered the SEC's statement to be unopposed.  But the District Court did consider all of the arguments in Desai's three "responses" to the summary judgment motion.

Desai does point to a number of "irregularities" in the District Court proceedings, some of which he characterizes as due process violations. But we do not discern any error in the District Court proceedings. Although Desai complains that the District Court should have allowed the civil proceedings to conclude before the criminal proceedings commenced, he does not explain how this would have been of benefit to him. The District Court did not abuse its discretion in staying the civil proceedings, given the substantial overlap between the subject matter of the two proceedings. See United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970) (noting that courts may "defer[ ] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[ ] to require such action").[5] And once the District Court decided that a stay was warranted, it was well within the District Court's discretion to terminate all pending motions, without prejudice, until after the criminal proceedings had concluded, as it was not clear whether those motions would remain relevant. See Stich v. United States, 730 F.2d 115, 118 (3d Cir. 1984) ("The substantial discretion granted to trial courts on discovery motions should not be lightly disturbed.").

To the extent Desai argues that he was not allowed to add parties to the case, his argument is without merit, as he did not renew any of his pre-stay motions that requested the addition of parties. And the SEC was not required to sue Desai's business partner in its complaint. See Baer v. United States, 722 F.3d 168, 174 (3d Cir. 2013) (SEC has

_____

[5] Indeed, it is generally the criminal defendant who seeks to stay the civil proceedings, in order to avoid difficulties with providing answers in the civil proceedings that might implicate his Fifth Amendment right not to incriminate himself. See, e.g., Louis Vuitton

6

discretionary authority to determine timing, manner, and scope of SEC investigations). Because joint and several liability is available in SEC cases, see, e.g., SEC v. Whitmore, 659 F.3d 1, 10-11 (D.C. Cir. 2011), the SEC could rationally decide to bring charges only against Desai.

Desai also complains that three of his motions, filed after the stay was lifted, "remain pending." While the District Court did not explicitly reference the docket numbers or titles of those motions in its dispositive opinions and orders, the Court clearly resolved the motions. The motion docketed at #118 sought "permission to contact Mr. Nirav Patel," and stated that the "main reason why I am initiating this request is because there is No Written Statement, No Affidavit, No Declaration, No Deposition, and No Cross-examination of Mr. Nirav Patel anywhere." The District Court noted in its decision granting summary judgment that "the only individual that Desai was not allowed to contact was Mr. Siddharth Patel," and that "even this restriction was lifted" by the judge in the criminal proceeding. Dkt. #125 at 5. The Court noted that "Desai does not demonstrate how he was prohibited from taking the necessary depositions or contacting the relevant individuals with connections to this case." Id. Similarly, the motion docketed at #120 sought discovery from another non-party individual. The District Court correctly noted that Rule 33 of the Federal Rules of Civil Procedure only provides for sending interrogatories to another *party* in the lawsuit. Id.

---

Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97-98 (2d Cir. 2012).

Desai's third "pending" motion, docketed at #119, sought sanctions in the amount of over $15,000 against the SEC for "forcefully clos[ing] down Two Forex Accounts," because, he argued, the "SEC does not have Jurisdiction of Forex." He similarly argued in "Part C" of his summary judgment opposition, Dkt. #117, that the SEC lacked jurisdiction over the Forex accounts, which involved trading in foreign currency. The District Court addressed this argument, noting that "[t]he funds Desai received from his investors were transferred into the Forex accounts," and that "the sums in these accounts thus originated from Desai's fraudulent investment scheme, which is the basis of both Desai's plea agreement in the parallel criminal action and the complaint in the instant civil proceeding." Dkt. #125 at 10. The Court concluded that the funds were not exempt from regulation under federal securities law simply because Desai transferred them to Forex accounts. Id. We agree. Indeed, Section 22 of the Securities Act, 15 U.S.C. §77v(c), provides that federal district courts have jurisdiction to hear actions brought by the SEC involving "(1) conduct within the United States that constitutes significant steps in furtherance of the violation, even if the securities transaction occurs outside the United States and involves only foreign investors; or (2) conduct occurring outside the United States that has a foreseeable substantial effect within the United States." Thus, because the funds were involved in Desai's fraudulent scheme, the fact that some of the funds were used to purchase foreign currencies does not bring them outside the District Court's, or the SEC's, jurisdiction.

Finally, in his reply brief, Desai argues that the "SEC's math is wrong," and that he only lost investors $121,260, not $167,229, a difference of $45,969. Reply Br. at 5. Absent extraordinary circumstances, "[w]e will not consider arguments raised on appeal for the first time in a reply brief." Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998) (internal quotation marks omitted). Further, Desai did not raise this issue in the District Court. See Dist. Ct. Op., Dkt. #125 at 10 ("Desai does not contest these amounts [totaling $167,229.39], but instead argues that a portion of the sums the SEC seeks to disgorge are in . . . [Forex] accounts . . . outside the SEC's jurisdiction."). We generally do not address arguments that were not raised in the District Court, particularly if those arguments involve factual issues. Ziccardi v. City of Philadelphia, 288 F.3d 57, 65 (3d Cir. 2002). We thus decline to reconsider the District Court's calculation of damages here.

For the foregoing reasons, and those given by the District Court, we will affirm the District Court's judgment.